Pascacio Fajardo Martínez, Plaintiff and Appellant, *v.* Schlüter & Co., Succrs., etc., Defendant and Appellee.

No. 5282. Argued February 6, 1931.—Decided March 28, 1932.

*Genaro Altieri* for appellant. *E. Campos del Toro* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The plaintiff attempted to show a relation of principal and agent between Américo Rodríguez and Ernesto Fernando Schlüter, trading as Schlüter & Co., Succrs., for the sale of meters known as "Niagara" to the Municipality of Mayagüez, and likewise attempted to show that Américo Rodríguez was authorized by the said Schlüter to name Pascasio Fajardo, the plaintiff, as attorney for the said defendant. The District Court of San Juan found against the plaintiff.

We agree with the appellant that the district court was mistaken in holding that the testimony of an agent is not of itself sufficient to prove the agency. *People* v. *South Atlantic Fruit Co.,* 25 P.R.R. 620 and *Quintana Reyes* v. *Lejeune,* 37 P.R.R. 682 do not reach such a decision. In *Cayuga Linen, etc. Inc.,* v. *Crédito y Ahorro Ponceño,* 41 P.R.R. 462, we took occasion to correct a misstatement in regard to the same matter. In other words, the rule is that the declarations made to others are not admissible, but the testimony of the agent himself would tend to prove the agency. These matters were discussed under the fifth and sixth assignments of error.

The District Court of San Juan entered into an analysis of the evidence, and the error, if any, would turn out to be harmless.

The testimony of Rodríguez tended to show that there was an agency created, but the testimony of Schlüter tended squarely to contradict the said agency. The documentary evidence of the plaintiff was not sufficient to disturb the balance so created. We can readily understand how Rodríguez might have had the idea that he was to represent Schlüter because he had a number of conferences with him and the latter did actually talk to Rodríguez about the sale of the meters and entered into arrangements with him for such sale.

The principal matter, however, that Rodríguez did was to attempt to annul an award of an action made by the Municipality of Mayagüez. The evidence tended to show that Rodríguez and Schlüter did talk about the annulment of said award. The attempt to annul the award in Mayagüez was done in the name of Rodríguez, and as we have said Schlüter distinctly denied that in seeking to annul the award Rodríguez was his agent. While if it was a case of first impression we might have some doubt, the plaintiff does not convince us that the finding of the district court was mistaken in this regard. This decides the first assignment of error and in itself would be dispositive of the case.

The second assignment of error is that the court erred in saying that Américo Rodríguez had no authority to appoint an attorney. On this point we have very little question from the proof that Pascasio Fajardo did not meet the burden cast upon him to show that Schlüter authorized Rodríguez to name an attorney. The evidence in this regard is quite convincing. On this point the statement of Schlüter is somewhat corroborated by the testimony of his two attorneys, Campos del Toro and Francis. The actual annulment of the sale took place in San Juan, apparently by the efforts made by Campos del Toro before the Commissioner of the Interior. Mr. Francis went to Mayagüez finally, in accordance with him and Schlüter, to aid Mr. Rodríguez, but found that Rodríguez had already appointed the plaintiff. One of the arguments of the defendant is that having appointed two lawyers who were steadily in his employment there was no occasion for him to name another. We can readily understand that the total correspondence between the parties was submitted to Fajardo and he might have formed the idea that Rodríguez did have such authority, but in point of fact he should have confirmed this idea. We think he attempted to do so but did not find Mr. Schlüter. We have no question that even supposing an agency for the sale of the meters or for the annulment of the auction sale did exist, nevertheless the

authority of Rodríguez to appoint an attorney was not sufficiently proved. This disposes of the second and third assignments of error.

The fourth assignment of error sets up that Schlüter ratified the naming of Pascasio Fajardo as attorney. We do not find the proof of ratification sufficiently strong. There was in point of fact a letter of September 8, 1926, wherein Schlüter congratulated Rodríguez inasmuch as "our attorney" obtained the annulment of the auction. Nevertheless, Schlüter explained that this referred to Campos del Toro.

The sixth assignment of error relates to the action of the court in saying that the case of *López* v. *Sánchez*, 22 P.R.R. 521, had no application herein. We agree with the appellee that it has not. That case was decided on a motion for nonsuit and this Court held that the evidence was enough to support the complaint.

There was no error in permitting the defendant to explain the letter of September 8, 1926. This is not oral evidence to vary the terms of a contract, and moreover the use of the words "our attorney" was sufficiently vague. Pascasio Fajardo was not mentioned in the letter, and the plaintiff himself had to make the relation between him and the attorney mentioned in the letter.

We find no error and the judgment will be affirmed.